IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE LUIS MAGANA,

    Plaintiff,                            No. CIV S-05-1010 DFL JFM P

    vs.

SACRAMENTO COUNTY
DEPARTMENT OF MEDICAL
SYSTEMS CORRECTIONAL
HEALTH SERVICES, et al.,

    Defendants.                       FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 12, 2005, the district court entered an order adopting this court's July 22, 2005 findings and recommendations and dismissing this action without prejudice due to plaintiff's failure to submit a certified copy of his prison trust account statement. Judgment was entered on the same day. On October 3, 2005, plaintiff filed a motion to reinstate his case. Plaintiff seeks relief from the judgment on the grounds that he was in the process of being transferred during which period he was without his legal materials, so he could not comply with the court's order at that time. Plaintiff notes that on July 28, 2005, he filed a request for extension of time in Case No. CIV S-03-2061 because it was the only case number he remembered.

1    Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

2    On motion and upon such terms as are just, the court may relieve a
     party or a party's legal representative from a final judgment, order,
3    or proceeding for the following reasons: (1) mistake,
     inadvertence, surprise, or excusable neglect; . . . (6) any other
4    reason justifying relief from the operation of the judgment.

5 Fed. R. Civ. P. 60(b)(1), (6). "Motions for relief from judgment pursuant to Rule 60(b) of the

6 Federal Rules of Civil Procedure are addressed to the sound discretion of the district court."

7 Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th

8 Cir. 1997).

9    The court takes judicial notice of plaintiff's July 28, 2005 request.(No. Civ. S-03-

10 2061).[1] It appears plaintiff made an effort to seek an extension of time even though he was

11 without his legal materials which would have enabled him to specifically address the deadline

12 pending in this action. Moreover, plaintiff filed his request for relief from judgment promptly by

13 filing it within 21 days after entry of judgment herein. Good cause appearing, plaintiff's request

14 for relief from judgment should be granted.

15    IT IS HEREBY RECOMMENDED that:

16    1. Plaintiff's October 3, 2005 motion to reinstate his case be construed as a

17 motion for relief from the judgment entered in this action on September 12, 2005 and, so

18 construed, be granted;

19    2. The September 12, 2005 judgment be vacated;

20    3. The Clerk of the Court be directed to reopen this action; and

21    4. Plaintiff be directed to file a certified copy of his prison trust account statement

22 within twenty days from any order adopting these findings and recommendations.

23    These findings and recommendations are submitted to the United States District

24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen**

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

1 days after being served with these findings and recommendations, plaintiff may file written
2 objections with the court.  No extensions of time will be granted.  Plaintiff is advised that failure
3 to file objections within the specified time may waive the right to appeal the District Court's
4 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 DATED: October 12, 2005.

UNITED STATES MAGISTRATE JUDGE

1
maga1010.60b