IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE LUIS MAGANA,

        Plaintiff,                    No. CIV S-05-1010 DFL JFM P

   vs.

SACRAMENTO COUNTY DEPARTMENT OF MEDICAL SYSTEMS CORRECTIONAL HEALTH SERVICES, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's second amended complaint is before the court.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Plaintiff's second amended complaint raises two causes of action which this court will address seriatim.

First, plaintiff alleges that defendants Hand and Smith released medical records to "persons, organizations or other entities proceeding before a court without a validated subpoena, validated subpoena duces tecum neither signed nor oral authorization from plaintiff." (Second Amended Complaint at 3.) Plaintiff contends defendants Hand, Smith, Iwasa, Melton and Bryan conspired to violate plaintiff's right to confidentiality in his medical records.

Plaintiff alleges these defendants violated his constitutional right of privacy pursuant to California Penal Code § 56.10(a)(3). However, plaintiff is a private citizen without the requisite prosecutorial authority. Therefore, this court lacks jurisdiction over such claims. See <u>Powell v. Katzenbach</u>, 359 F.2d 234 (D.C.Cir. 1965), <u>cert. denied</u>, 384 U.S. 906 (1966).

To the extent plaintiff attempts to raise a claim that the release of these medical records violated his right to privacy, plaintiff's claim also fails. Plaintiff appended a copy of a

declaration by Dr. Hand relating to the appended medical records. (Pl.'s Second Amended Complaint, Ex. A1.) This declaration was filed in <u>Magana v. Sacramento County Main Jail</u>, CIV S-03-2061 DFL KJM P on April 15, 2005, in support of the defendants' motion for summary judgment. <u>Id.</u>.[1] In Case No. CIV S-03-2061 DFL KJM P, plaintiff filed a civil rights action alleging defendants failed to provide him with his own shoes instead of jail-issued deck shoes after he sustained an ankle injury. (Hand Decl. at 2.) It appears Dr. Hand was asked to render her medical opinion concerning plaintiff's ankle complaints and whether particular shoes were deemed medically necessary. (Hand Decl. at 3.) Thus, plaintiff has waived any privacy rights in his medical records by putting them at issue in his civil rights action.

Moreover, bald assertions of conspiracy are insufficient. <u>See</u> <u>Woodrum v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989) (allegation of conspiracy requires showing that defendants agreed to violate plaintiff's rights); <u>see also</u> <u>Singer v. Wadman</u>, 595 F. Supp. 188 (D. Utah 1982), <u>aff'd</u>, 745 F.2d 606 (10th Cir. 1984), <u>cert.</u> <u>denied</u>, 470 U.S. 1028 (1985) (conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights).

In light of the above, plaintiff's claim concerning his privacy interest in medical records released to counsel and plaintiff in Case No. CIV S-03-2061 DFL KJM P fails to state a claim upon which relief may be granted and should be dismissed.

Plaintiff's second claim for relief appears to be a claim for deliberate indifference to plaintiff's serious medical needs by requiring him to travel, while handcuffed, and while suffering from an untreated fractured wrist, specifically, the ulnar styloid process. This claim states a cognizable claim for relief. However, it is unclear from plaintiff's second amended complaint whether the named defendants had anything to do with this claim. Plaintiff has only identified defendants Dr. Hand, Nurse T. Smith, Jail Commander Mark Iwasa and David Melton

---

[1] A court may take judicial notice of court records. <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

and Molly Bryan, two lawyers with the law office of Porter, Scott, Weiberg & Delehant. These defendants were clearly named with regard to plaintiff's privacy claim above. But plaintiff has not identified who was involved in the second claim.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Thus, unless defendant Iwasa was personally involved in plaintiff's second claim, he should not be included in any subsequent complaint filed herein.

The court has determined that the second amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff must identify, by name, the specific defendants involved in the second claim. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to amend the complaint, plaintiff should file his third amended complaint on the form employed by this court. The Clerk of the Court will be directed to send plaintiff the appropriate form. Plaintiff must name each defendant in Section III of the form as well as include each defendant in the allegations of his complaint.

Plaintiff is reminded that he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the second amended complaint no longer serves any function in the case. Therefore, in a third amended

/////

complaint, as in the second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff should address only his second claim concerning deliberate indifference to plaintiff's serious medical needs, and should name as defendants only those persons involved in that claim.  Once a third amended complaint is filed raising only the claim of deliberate indifference, the court will order service of process on the appropriate defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 27, 2006 second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED:  September 28, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; maga1010.14b