1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ELIEZER CHAVEZ GARIBAY
     aka JOSE LUIS MAGANA,

11

12              Plaintiff,              No. CIV S-05-1010 RRB JFM P

13        vs.

14   DR. SANDRA M. HAND, et al.,

15              Defendants.            FINDINGS & RECOMMENDATIONS

16   _____/

17              Plaintiff is a former federal prisoner proceeding pro se with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Plaintiff alleges defendants were deliberately indifferent to his

19   serious medical needs when his fractured wrist was not properly diagnosed and he was later

20   handcuffed for several hours and days which made his wrist fracture worse, increased his pain

21   and resulted in permanent damage when the wrist failed to heal properly.

22              Defendants' motion to dismiss for lack of prosecution or for an order imposing

23   terminating sanctions; and/or alternatively to compel plaintiff's deposition and responses to

24   interrogatories and request for production of documents is presently set for hearing on September

25   13, 2007 before the undersigned.  Pursuant to Local Rule 78-230(h), the court has determined

26   that the matter will be submitted on the papers without oral argument.  Upon review of the

                                        1

1    motion and the documents in support and opposition, and good cause appearing therefor, THE

2    COURT MAKES THE FOLLOWING FINDINGS:

3            On January 25, 2007, plaintiff filed a notice of change of address, confirmed he

4    was a federal prisoner and stated that due to problems receiving his mail at the Federal Detention

5    Center in Oakdale, Louisiana, plaintiff changed his address of record to his Sacramento home:

6    1900 Rockbridge Road, Sacramento, CA  95815.  (Id.)  Thus, plaintiff was still incarcerated on

7    January 25, 2007.  The Board of Prisons website indicates plaintiff was released from federal

8    prison on February 8, 2007.  (Defts.' June 8, 2007 Mem. at 3.)  Plaintiff states he was in federal

9    prison and was released to the immigration service to his immediate deportation to Mexico on

10   August 8, 2007.  (Pl.'s August 31, 2007 Request at 2.)

11           Defendants seek dismissal for lack of prosecution or order imposing terminating

12   sanctions based on plaintiff's failure to cooperate in discovery, or, in the alternative, an order

13   requiring plaintiff to respond to interrogatories and request for production of documents, and

14   requiring plaintiff to bear the cost of having his deposition taken in Mexico.  Defendants also

15   seek monetary sanctions for the cost of the depositions at which plaintiff failed to appear and for

16   the fees and expenses incurred in bringing this motion.  The record reflects that defendants

17   propounded interrogatories and a request for production of documents on or about May 2, 2007.

18   To date, plaintiff has failed to respond or communicate with counsel about these discovery

19   requests.

20           In addition, on June 11, 2007, defendants noticed plaintiff's deposition for July 18,

21   2007.  Plaintiff failed to communicate with defendants concerning the deposition or to appear at

22   the deposition.  On July 23, 2007, the deposition was re-noticed for August 6, 2007 by mail to

23   plaintiff's Sacramento address and by e-mail.  Defendants wrote to plaintiff by mail on July 23,

24   2007 concerning plaintiff's failure to appear at the July 18 deposition and reminded plaintiff of

25   his obligation to respond to the earlier-propounded discovery requests.  (Defts.' August 10, 2007

26   Decl., Ex. F.)  This correspondence was also sent to plaintiff by e-mail with a request that

1 plaintiff contact counsel to discuss the pending discovery.  (Id., Ex. G.)  Plaintiff did not respond

2 nor appear at the August 6, 2007 deposition.

3         Copies of e-mails concerning defendants' efforts to discover plaintiff's physical

4 location were filed in connection with defendants' motion for independent medical exam.

5 (Defts.' June 8, 2007 Decl., Ex. B-C.)  Plaintiff at one point notified defense counsel that

6 plaintiff would return to town "as soon as the trial starts."  (Id., Ex. B.)

7         Plaintiff has not filed an opposition to the pending motion but claims in a request

8 for counsel that he has tried to file and respond to "all motions" but "because he is out of the

9 country he has no power to do so."  (August 31, 2007 Request.)  Plaintiff requests the

10 appointment of counsel or, in the alternative, that the court request the voluntary assistance of an

11 attorney, and requests that this case be stayed pending appointment of a lawyer.  (Id.)  Plaintiff

12 insists he has a colorable claim but lacks capacity to represent it and contends that in Mexico, he

13 does not receive mail in a timely manner and does not have access to a law library and lacks

14 experience or training in searching the web.  (Id.)  Plaintiff makes no effort to explain why he

15 failed to respond to discovery propounded prior to his deportation or to communicate with

16 defense counsel his inability to be deposed in Sacramento either based on his incarceration in a

17 federal prison or while being held by the INS prior to deportation.

18         While a court's inherent authority to dismiss a complaint for discovery violations

19 has been largely subsumed by Federal Rule of Civil Procedure 37(b), a court retains the authority

20 to dismiss a case in "extreme circumstances."  Fjelstad v. American Honda Motor Co., 762 F.2d

21 1334, 1338 (9th Cir.1985); see also Riverside Memorial Mausoleum, Inc. v. Sonnenblick-

22 Goldman Corporation, 80 F.R.D. 433, 435-36 (E.D.Pa.1978) (dismissal justified by plaintiff's

23 pattern of ignoring court orders and missing deadlines); Lindstedt v. City of Granby, 238 F.3d

24 933 (8th Cir.2000) (upholding dismissal order under Rule 37 for flagrant and intentional abuse of

25 the discovery process).  A dismissal under Rule 37(b) must be predicated on a failure to "obey an

26 order to provide or permit discovery."  Fjelstad, 762 F.2d at 1339-40; Schoffstall v. Henderson,

1   223 F.3d 818, 824 (8th Cir. 2000).  A "blanket directive to comply with discovery rules" is not

2   such an order.  Fjelstad, 762 F.2d at 1340.

3          Because plaintiff has not yet been ordered to comply with discovery, the drastic

4   sanction of dismissal is premature.  Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir.

5   1993)("the losing party's noncompliance must be due to willfulness, fault or bad faith.");

6   Fjelstad, 762 F.2d at 1337.

7          Defendants cite two cases for the proposition that plaintiff cannot prosecute this

8   action because he has been deported to Mexico and has failed to participate in discovery.  The

9   first, Roach v. Sobal, 1999 WL 108612 (S.D. N.Y.), involved a case in which the plaintiff was

10  deported to Trinidad and had no contact with either the court or defendants for a period of more

11  than six months.  The instant case is distinguishable in that plaintiff has been in contact with

12  defendants via email, at least with regard to settlement negotiations, and has expressed a desire to

13  have this case continue.

14         The second case, Diaz v. Vigil, 2007 WL 427122 (E.D. Cal.), was ultimately

15  dismissed based on Diaz's failure to appear at deposition despite notice from the court that Diaz

16  must make himself available for deposition.  However, a review of the docket in that case reflects

17  that Diaz was provided numerous warnings prior to the final dismissal of that case.  (No. Civ.

18  F-03-5108 OWW LJO PC).[1]  Here, plaintiff has not yet been ordered to comply with discovery,

19  let alone warned that his failure to cooperate in the discovery process might result in the

20  dismissal of his action.

21         In their reply brief, defendants argue that plaintiff's failure to comply with this

22  court's order requiring a physical examination warrants terminating sanctions under Fed. R. Civ.

23  P. 37(b).  However, the record reflects that both defense counsel and the court were notified prior

24  to the August 22, 2007 examination that plaintiff had been deported to Mexico and would be

25

26          [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
    803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   unable to attend the examination.  Accordingly, the court will not order terminating sanctions

2   based on plaintiff's failure to appear on August 22, 2007.

3          In light of the above, the court will recommend that defendants' motion to dismiss

4   this case be denied without prejudice.  Defendants' request that the court order plaintiff to

5   respond to the discovery requests and the request for expenses will be deferred pending

6   consideration of plaintiff's request for appointment of counsel.

7          IT IS HEREBY RECOMMENDED that defendants' August 10, 2007 motion to

8   dismiss and/or for terminating sanctions be denied without prejudice.

9          These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

14  failure to file objections within the specified time may waive the right to appeal the District

15  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED:  November 1, 2007.

17

18                                    _____
                                      UNITED STATES MAGISTRATE JUDGE
19

20  .001/maga1010.mtda

21

22

23

24

25

26